UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STARLENE G. TAYLOR,

        Plaintiff,

        v.                       CAUSE NO. 3:25-CV-828-PPS-JEM

RON NEAL, DAWN BUSS,
MARTHAKIS, KELSEY, ROXANNE, L.
HARRIS, S. SMITH, and CENTURION
HEALTH,

        Defendants.

OPINION AND ORDER

Starlene G Taylor, a/k/a, Gregory A. Taylor, a prisoner without a lawyer, filed a complaint and a motion for a preliminary injunction. ECF 2, ECF 4. The complaint is not ready to be screened as required by 28 U.S.C. § 1915A to determine whether it states a claim. However, I can deny the motion for a preliminary injunction now because Taylor does not meet her[1] burden to show she is entitled to the extraordinary relief of a preliminary injunction.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A

---

[1] Taylor uses female pronouns when referring to herself. As a courtesy, the court adopts that practice in this order.

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks and citations omitted).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Irreparable harm requires more than a showing of some harm; it requires the type of harm that cannot be later compensated by damages after trial. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 666 (7th Cir. 2015).

An injunction relates to an ongoing constitutional violation, not to events that happened in the past. *See Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) ("When

there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers."). Taylor's complaint centers on medical care. To state an Eighth Amendment claim for the denial of the right to adequate medical care, a prisoner must allege (1) she had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the second prong, deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Id.* at 697-698 (quotation marks and citations omitted). Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). The Constitution doesn't guarantee prisoners successful medical treatment. *See Knight v. Wiseman*, 590 F.3d 458, 467 (7th Cir. 2009) ("The Eighth Amendment does not require prison officials to provide flawless treatment . . .."). Instead prisoners are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

In the complaint and attached exhibits, Taylor explains that on June 26, 2025, she stabbed herself in the stomach with a piece of metal. ECF 2. She complains about the medical care she received at the time, but her past care is not relevant to determining whether she is currently receiving constitutionally adequate care so as to warrant a preliminary injunction. As to her current care, she alleges that the wound has not healed and is leaking fluid. But the pleadings also show that when Taylor filed a healthcare request form on July 25, 2025, about her wound and painful bloating, she was seen on August 6. ECF 2-1 at 3. At that visit, she was prescribed Tylenol and Pepcid and a culture of her wound was taken. *Id.* The culture came back positive for staph aureus. ECF 2-1 at 2. Taylor alleges she was prescribed an antibiotic. ECF 2 at 3.

Looking at her present situation, Taylor alleges her wound has not healed yet. But the test for whether she is receiving constitutionally inadequate care under the Eighth Amendment is not whether the treatment worked. It is whether medical staff are addressing her serious medical needs and using their professional judgment in determining her treatment plan. Taylor hasn't provided any information about her current care following the antibiotic that would allow me to conclude she is receiving constitutionally deficient care.

Taylor also asks the court to send copies of her complaint to the LaPorte County Prosecutor's Officer. ECF 5. The court will not send free copies to a third party, though Taylor is free to purchase a copy of any documents from the case at the usual rate of $0.50 a page and send them herself. She may purchase copies by writing a letter to the clerk.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 4) and the request in the letter (ECF 5).

**SO ORDERED** on October 6, 2025.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT